UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN PAIN
MANAGEMENT, LLC,

        Plaintiff,

vs.

Case No. 18-10420
HON. GEORGE CARAM STEEH

ESURANCE INSURANCE
COMPANY,

        Defendant.
_____/

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DOC. 2)

Plaintiff Michigan Pain Management, LLC sued defendant Esurance Insurance Company for payment of expenses arising out of an automobile accident on October 18, 2016. This matter is presently before the Court on Esurance's motion to dismiss. (Doc. 2). Pursuant to Local Rule 7.1(f)(2), the Court shall rule without oral argument. For the reasons stated below, Esurance's motion is GRANTED.

## I. Background

Demitrius Daniels was injured in an automobile accident on October 18, 2016. Daniels sought treatment at Michigan Pain Management and filed a PIP claim with his insurer, Esurance. Thereafter, Daniels assigned some

1

of his rights to collect benefits to Michigan Pain Management. Michigan Pain Management states that it received the first assignment on November 19, 2016.

On December 19, 2016, Daniels sued Esurance in Wayne County Circuit Court to collect benefits. Esurance removed the case, numbered 17-10209, and it was randomly assigned to this Court.

Prior to May 25, 2017, Michigan healthcare providers had a statutory cause of action to recover no fault benefits. Relying on this statutory cause of action, Michigan Pain Management sued Esurance in Wayne County Circuit Court on March 15, 2017. Esurance removed the case, numbered 17-10954, and it was reassigned to the Honorable George Caram Steeh, III, as a companion to case number 17-10209, *Daniels v. Esurance Insurance Company*. But healthcare providers' statutory cause of action was eliminated by the Michigan Supreme Court's May 25, 2017 ruling in *Covenant Medical Center, Inc. v. State Farm Mutual Automobile Insurance Company*, 500 Mich. 191 (2017). *Covenant* held "that a healthcare provider possesses no statutory cause of action against an insurer for recovery of PIP benefits. . . ." *Id.* at 491. The court's decision, however, was "not

intended to alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at 505 n. 40.

On June 23, 2017, Esurance filed a motion to dismiss Michigan Pain Management's case numbered 17-10954. Esurance argued that, under *Covenant*, Michigan Pain Management lacked standing and its claims were moot. The Court issued a notice of hearing on the motion to dismiss and required Michigan Pain Management to file a response brief by July 24, 2017. Michigan Pain Management never filed a response.

The Court issued an order granting Esurance's motion to dismiss on August 29, 2017. The Court applied the Michigan Supreme Court's holding in *Covenant* and found "that plaintiff [Michigan Pain Management], as a healthcare service provider, is not the proper party to request adjudication of the issue whether Mr. Daniels is entitled to statutory No-Fault benefits under the No-Fault Act." (Case 17-10954, Doc. 9 at Page ID 181). The Court further noted that

> [i]n its motion to dismiss, defendant [Esurance] anticipated that plaintiff [Michigan Pain Management] might seek leave to file an amended or supplemental pleading based on several assignments signed by Mr. Daniels. While some of the assignments were signed before plaintiff [Michigan Pain Management] filed its lawsuit on March 15, 2017, plaintiff did not plead that it was

3

> Mr. Daniels' assignee in its complaint. In any event, plaintiff has not sought to amend or supplement its pleading to make any argument based on the assignments.

(Case 17-10954, Doc. 9 at Page ID 181). The court concluded its order by stating that "[b]ased on the holding of the Michigan Supreme Court in *Covenant*, the court GRANTS defendant's motion to dismiss." (Case 17-10954, Doc. 9 at Page ID 182).

Michigan Pain Management filed the instant lawsuit in Macomb County Circuit Court on December 13, 2017. (Doc. 1-4). Michigan Pain Management's complaint seeks PIP benefits as Daniels' assignee. (Doc. 1-4 at PageID 24). Esurance removed the case, (Doc. 1), and it was reassigned to the Honorable George Caram Steeh, III, as a companion to case number 17-10954, *Michigan Pain Management, LLC v. Esurance Insurance Company*, (Doc. 5). This matter is presently before the Court on Esurance's motion to dismiss, (Doc. 2), filed on February 13, 2018. Michigan Pain Management filed a response on March 13, 2018. (Doc. 7). Esurance filed a reply on March 23, 2018. (Doc. 9).

## II. Legal Standard

A court confronted with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must construe the complaint in favor of the

plaintiff, accept the allegations of the complaint as true, and determine whether the plaintiff's factual allegations present plausible claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007). "[N]aked assertions devoid of further factual enhancement" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain "detailed" factual allegations, but its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

### III. Analysis

Esurance argues that Michigan Pain Management's case is barred by *res judicata*. Under the doctrine of *res judicata*, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Res judicata bars a subsequent action when the following four elements are met: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privities; (3) an issue

in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Howe v. City of Akron*, 801 F.3d 718, 742 (6th Cir. 2015).

Res judicata bars Michigan Pain Management's claims. First, the pervious action, case number 17-10954, was decided on the merits when this court granted Esurance's motion to dismiss "[b]ased on the holding of the Michigan Supreme Court in *Covenant*. . . ." (Case 17-10954, Doc. 9 at Page ID 182). *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and *any dismissal not under this rule* – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – *operates as an adjudication on the merits*) (emphasis added). The court's decision was final.

Second, Michigan Pain Management filed both the previous action and the present action against Esurance.

Third, the issues raised in the present action – namely, Michigan Pain Management's right to seek benefits assigned by Daniels – could have been litigated in the prior action. As noted in the prior action, "some of the assignments were signed before [Michigan Pain Management] filed its lawsuit on March 15, 2017. (Case 17-10954, Doc. 9 at Page ID 182). As

such, Michigan Pain Management could have included a claim to recover based on these assignments when it filed its prior lawsuit on March 15, 2017. Moreover, following *Covenant*, Michigan Pain Management could have amended that complaint to address these claims.

Fourth, there is an identity of causes of action: the claims raised in both the prior action and the present action derive exclusively from Michigan Pain Management's intent to seek payment for benefits provided to Daniels following his 2016 accident. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 578, 580 (6th Cir. 2008) (explaining that there is an "identity of causes of action" when "the claims ar[i]se out of the same transaction or series of transactions, or if the claims ar[i]se out of the same core of operative facts" (quoting *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002))). *See also Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978) (ruling that "[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.").

## IV. Conclusion

For the reasons stated above, defendants' motion is GRANTED.

7

IT IS SO ORDERED.

Dated: July 5, 2018

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 5, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk